### HENRY BELKNAP *vs.* EDWARD BELKNAP & trustee.

Suffolk. November 17. — 18, 1879. MORTON & SOULE, JJ., absent.

If A. puts property in trust, the income to be paid to him for life, and after his death to his wife for life, and the principal after the death of both to his executor to be divided equally among his children, and A. retains no power of revocation or further disposition, it does not pass by his will, or by an assignment executed by one of his children by which he conveys, after his father's death, "all my interest of whatever name, nature or description in the estate real and personal of my father, and all my share thereof under the will of my father, together with all income, benefit and advantage thereof accrued or to accrue."

TRUSTEE PROCESS. Writ dated October 4, 1877. The defendant was defaulted. Frederick O. Prince, administrator *de bonis non* of the estate of John Belknap, summoned as trustee, answered that at the time of the service of the writ upon him he had in his hands the sum of $1267 belonging to the defendant. H. E. Tremain appeared as claimant of the fund in the hands of the trustee, by virtue of two assignments: the first from the defendant to Edwin R. Tremain, dated February 19, 1876, and

the second by Edwin R. Tremain to the claimant, dated December 11, 1877. By the first assignment, the defendant conveyed "all my share, right, title and interest, of whatever name, nature or description, of, in or to the estate, real and personal, of my late father, and all my share thereof under the will of my father, together with all income, benefit and advantage thereof accrued or to accrue, which can in any event come to me." By the second assignment the claimant acquired all the rights of Edwin R. Tremain under the first assignment.

At the trial in this court, before *Endicott,* J., it appeared that John Belknap, the father of the defendant, on January 1, 1856, purchased of the Massachusetts Hospital Life Insurance Company an "annuity in trust" for $5000, the net income of which was payable to John during his life, and after his death to his wife Mary if she should survive him ; and after the death of the survivor, the principal and any accrued interest was to be paid "to the executors or administrators of said John Belknap, to be divided equally among his children," and the issue of any deceased child by right of representation. John Belknap died on February 7, 1856, leaving a will, by which he gave the residue of his estate to the plaintiff and defendant as trustees to hold during the life of his wife on certain trusts, and, on her death, to divide the same among his children. His wife Mary died August 16, 1877. The whole annuity fund was thereupon paid over by the company, under the provisions of the trust, to Prince, as administrator *de bonis non* of John Belknap. Edward's share of this fund was $1267.

The judge ruled that the interest of the defendant in the fund did not pass by the assignments, and that the claimant was not entitled thereto ; and ordered the trustee to be charged. The claimant alleged exceptions.

*M. F. Dickinson, Jr.,* for the claimant.

*G. A. James,* for the plaintiff, was not called upon.

GRAY, C. J. The terms of the assignment executed by the defendant, under which the claimant asserts a title to the fund in the hands of the trustee, are appropriate to designate and transfer the share or interest which the assignor may have taken in the estate of his deceased father, either as heir or next of kin, or by will, as well as in any income or benefit of that

estate. But they do not purport to include anything that did not either form part of the father's estate at the time of his death, or afterwards grow out of the same.

The sum which the father in his lifetime had transferred, reserving no power of revocation or of further disposition, to the Massachusetts Hospital Life Insurance Company, in trust to pay the income to himself and his wife for life, and, after the death of both, to pay the principal to his executors or administrators, to be divided equally among his children, and the issue of any deceased child by right of representation, had, immediately upon the execution of that trust settlement, ceased to be part of his estate, or to be subject in any way to his control; and, when paid to his executors or administrators, would vest in them under the provisions of the transfer and instrument of trust so executed in the father's lifetime, and not by virtue of his will, or by operation of law. Any right of the defendant in this sum in the hands of his father's administrator, summoned as trustee in this case, is derived from the gift made by his father in his lifetime, and is in no proper sense a share, interest or benefit in or of the father's estate, and therefore did not pass under the assignments to the claimant.    *Exceptions overruled.*